FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 3 ' 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN HICKMAN, and KENNETH
SCHNEIDERMAN

                Plaintiffs,

      - against -

ELIZABETH SARTORIO, DOMINICK SARTORIO,
BLUE SPRUCE ASSOCIATES, LLC,
MICROPEL CORPORATION, 71 CAROLYN BLVD,
LLC., ATOMERGIC CHEMETALS CORP.,
and WILLARD WAY ASSOCIATES, LLC

                Defendants.
----------------------------------------X

**COMPLAINT**
**JURY DEMANDED**

CV-07 4990

PLATT, J.
WALL, M.J.

      Plaintiffs JOHN HICKMAN and KENNETH SCHNEIDERMAN by their attorneys, Wolfe & Yukelson PLLC, complaining of the defendants allege upon information and belief as follows:

### The Parties

      1.    That at all times hereinafter mentioned plaintiff JOHN HICKMAN (HICKMAN) was a resident of the state of Massachusetts.

      2.    That at all times hereinafter mentioned plaintiff KENNETH SCHNEIDERMAN (SCHNEIDERMAN) was a resident of the state of Florida.

      3.    That at all times hereinafter mentioned defendant ELIZABETH SARTORIO was a resident of the County of Suffolk, State of New York.

      4.    That at all times hereinafter mentioned defendant DOMINICK SARTORIO was a resident of the County of Suffolk, State of New York.

      5.    That at all times hereinafter mentioned defendant ATOMERGIC CHEMETALS CORPORATION (ATOMERGIC) was a New York

1

Corporation and had an office in the County of Suffolk, State of New York.

    6.   That at all times hereinafter mentioned defendant 71 CAROLYN BLVD., LLC. (CAROLYN) was a Delaware limited liability company and had its principal place of business in the County of Suffolk, State of New York.

    7.   That at all times hereinafter mentioned defendant MICROPEL CORP. (MICROPEL) was a Delaware corporation which had its principal place of business in the County of Suffolk, State of New York.

    8.   That at all times hereinafter mentioned defendant BLUE SPRUCE ASSOCIATES, LLC (BLUE SPRUCE) was a New York limited liability company and having its principal place of business in the County of Suffolk, State of New York.

    9.   That at all times hereinafter mentioned defendant WILLARD WAY ASSOCIATES, LLC (WILLARD WAY) was a New York limited liability company, having its principal place of business in the county of Suffolk, State of New York.

    10.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 in that such jurisdiction is founded upon the diversity of citizenship between the parties to this action and the matter in controversy exceeds, exclusive of interest and costs, the sum of SEVENTY-FIVE THOUSAND (75,000.00) DOLLARS.

### COUNT I ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

    11.  This is a turnover proceeding to enforce a judgment

in the sum of $613,140.39 entered in the United States District Court, Eastern District, New York on January 17, 2007, in favor of plaintiff HICKMAN against defendants MICROPEL, CAROLYN and defendant ATOMERGIC; and a judgment in the sum of $375,996.60 entered on April 5th, 2007 in the United States District Court, Eastern District Court, New York in favor of plaintiff SCHNEIDERMAN against defendants CAROLYN and ATOMERGIC.

12. On September 16, 2005 defendant CAROLYN sold the property located at 71 Carolyn Blvd., Farmingdale, New York to Caumsett Contracting Corp., a bonafide purchaser for value for a stated consideration of $2,500,000.00.

13. That the approximate value of CAROLYN'S interest in the aforesaid property established by the aforesaid sale was $1,600,009.89.

14. That on September 16, 2005 proceeds from the sale of the property by defendant CAROLINE to CAUMSETT paid off the existing mortgage and other expenses in the sum $988,789.91 which was wired into the IOLA account of Silverman, Pearlstein, & Acampora, LLP (SP&A).

15. That on September 21, 2005 SP&A wired $256,789.91 of the proceeds of the sale of 71 Carolyn Blvd. to defendant ELIZABETH SARTORIO.

16. That on October 11, 2005 the balances in two bank accounts at Washington Mutual Bank (WAMU) belonging to defendant CAROLYN were reduced to $100.00 or less by wire transfers of $15,146.43 and $8,238.58 to the account belonging to defendant

DOMINICK SARTORIO.

17.   Defendant CAROLYN's disposition of proceeds from the sale of the property located at 71 Carolyn Blvd., Farmingdale, New York to DOMINICK and ELIZABETH SARTORIO left defendant CAROLYN with unreasonably small amounts of capital to remain in business.

18.   Defendant CAROLYN's disposition of proceeds from the sale of the property located at 71 Carolyn Blvd., Farmingdale, New York to defendants DOMINICK and ELIZABETH SARTORIO were made with the actual intent to hinder, delay, or defraud creditors of defendant CAROLYN including plaintiffs HICKMAN and SCHNEIDERMAN.

19.   Defendant CAROLYN's disposition of proceeds from the sale of the property located at  71 Carolyn Blvd., Farmingdale, New York to defendants DOMINICK and ELIZABETH SARTORIO violated one or more of New York Debtor and Creditor Law sections 273, 274, 275, 276, 278 and/or 279.

20.   The balance transfers to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO as set forth in paragraphs 15 and 16 were without fair consideration as defined in the New York Debtor Creditor Law.

21.   The aforesaid transfers from defendant CAROLYN to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO should be declared void and set aside to the extent necessary to satisfy plaintiffs' judgments entered against defendant CAROLYN and awarding judgment in favor of plaintiffs HICKMAN and SCHNEIDERMAN against defendants ELIZABETH and DOMINICK SARTORIO for the sum 280,001.92 with appropriate interest, either: i. as transferees of

4

the assets, or beneficiaries of the conveyance of the real property belonging to defendant CAROLYN; or **ii.** as subsequent fraudulent transferees of defendant CAROLYN.

### COUNT II ON BEHALF OF PLAINTIFF JOHN HICKMAN

22.    Plaintiff HICKMAN repeats, realleges, and reiterates each and every allegation contained in the preceding paragraphs "1", "3-5", "7" and "10" inclusive, with the same force and effect as if set forth at length.

23.    That in or about April 2004, TROY CORPORATION entered into an asset purchase agreement with defendant MICROPEL for the purchase of certain assets of defendant MICROPEL.

24.    On April 14, 2004 assets of MICROPEL were sold to TROY for the sum of $6,297,000.00 plus other consideration.

25.    TROY CORPORATION wired the funds pursuant to the aforesaid sale at the direction of defendant MICROPEL to accounts at Washington Mutual Bank (WAMU) for the benefit of the MICROPEL as follows:

| Date | Amount | Recipient-Beneficiary |
|------|--------|----------------------|
| 4/14/04 | $1,007,500.00 | ATOMERGIC CHEMETALS LOAN ACCOUNT |
| 4/14/04 | $5,149,500.00 | MICROPEL CORP. ACCT. |
| 4/14/04 | $  100,000.00 | MICROPEL CORP. ACCT. |
| 4/14/04 | $  140,000.00 | MICROPEL CORP. ACCT. |

26.    Defendant MICROPEL segregated the $5,249,000.00 received from TROY on 4/14/04 by transferring the funds on 4/15/04 to a new account at WAMU.

27.    Defendant MICROPEL distributed the asset purchase agreement sale's proceeds as follows:

| Date(s) | Amount | Recipient-Beneficiary |
|---------|--------|----------------------|
| Various | $2,799,430.00 | ATOMERGIC |
| 05/26/04 | $1,650,000.00 | DOMINICK SARTORIO/ELIZABETH SARTORIO |

28. Thereafter TROY wired additional funds pursuant to the aforesaid sale at the direction of defendant MICROPEL in the sum of $350,000.00 to its account at WAMU.

29. Thereafter defendant MICROPEL distributed a portion of said $350,000.00 payment as follows:

| Date(s) | Amount | Recipient-Beneficiary |
|---------|--------|----------------------|
| Various | $195,880.00 | Book Transfers - ATOMERGIC |
| 01/15/05 | $ 60,000.00 | DOMINICK SARTORIO/ELIZABETH SARTORIO |

30. In the joint 2004 tax return defendants DOMINICK SARTORIO and ELIZABETH SARTORIO reported a $700,000.00 dividend from defendant ATOMERGIC.

31. Defendant MICROPEL's disposition of proceeds from the sale of its assets to TROY CORP., left defendant MICROPEL with unreasonably small amounts of capital to remain in business.

32. Defendant MICROPEL's disposition of proceeds from the sale of its assets to TROY CORP., was made with the actual intent to hinder, delay, or defraud creditors of defendant MICROPEL including plaintiff HICKMAN.

33. Defendant MICROPEL's disposition of proceeds from the sale of its assets to TROY CORP., was received with the actual intent to hinder, delay, or defraud creditors of defendant MICROPEL including plaintiff HICKMAN.

34. Defendant MICROPEL's disposition of proceeds from the sale of its assets to TROY CORP. violated one or more of New

York Debtor Creditor Law sections 273, 274, 275, 276, 278 and/or 279.

35.   Defendant MICROPEL's disposition of proceeds from the sale of its assets to TROY CORP. were without fair consideration as defined in the New York Debtor Creditor Law.

36.   Defendant MICROPEL's disposition of proceeds from the sale of its assets to TROY CORP. should be declared void and set aside to the extent necessary to satisfy plaintiff HICKMAN's judgment entered against defendant MICROPEL and awarding Judgment in favor of plaintiff HICKMAN against defendants DOMINICK SARTORIO and ELIZABETH SARTORIO for the sum of $613,140.39 plus interest, from January 17, 2007, either: **i.** as transferees of the assets, or beneficiaries of the conveyance of the property; or **ii.** as subsequent fraudulent transferees of defendant MICROPEL.

### COUNT III ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

37.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1-5", "10" inclusive, with the same force and effect as if set forth at length.

38.   Defendant ATOMERGIC's distribution of a dividend in the sum of $700,000.00 to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO left defendant ATOMERGIC with unreasonably small amounts of capital to remain in business.

39.   Defendant ATOMERGIC's distribution of a dividend in the sum of $700,000.00 to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO was made with the actual intent to hinder, delay, or defraud creditors of defendant ATOMERGIC including

plaintiffs HICKMAN and SCHNEIDERMAN.

40.   Defendant ATOMERGIC's distribution of a dividend in the sum of $700,000.00 to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO was received with the actual intent to hinder, delay, or defraud creditors of defendant ATOMERGIC including plaintiffs HICKMAN and SCHNEIDERMAN.

41.   Defendant ATOMERGIC's distribution of a dividend in the sum of $700,000.00 to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO violated one or more of New York Debtor Creditor Law sections 273, 274, 275, 276, 278 and/or 279.

42.   Defendant ATOMERGIC's distribution of a dividend in the sum of $700,000.00 to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO were without fair consideration as defined in the New York Debtor Creditor Law.

43.   Defendant ATOMERGIC's distribution of a dividend in the sum of $700,000.00 to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO should be declared void and set aside to the extent necessary to satisfy plaintiffs' judgments entered against defendant ATOMERGIC and awarding judgment in favor of plaintiffs HICKMAN and SCHNEIDERMAN against defendants ELIZABETH and DOMINICK SARTORIO for $700,000.00 with appropriate interest, either: i. as transferees of the assets, or beneficiaries of the conveyance of the property; or ii. as subsequent fraudulent transferees of defendant ATOMERGIC.

## COUNT IV ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

44.   Petitioner repeats, reiterates, and realleges each

and every allegation contained in paragraphs "1-4", "8", "10", "22-35", and "37-43" inclusive, with the same force and effect as if set forth at length.

45. By deed dated August 28, 2006 defendant ELIZABETH SARTORIO purchased 8 Blue Spruce Lane, Dix Hills, NY from Perry and Robin Sandler for $875,000.00. Said deed was recorded in the office of the Suffolk County Clerk on September 12, 2006.

46. By deed dated December 12, 2006 Elizabeth Sartorio transferred the real property at 8 Blue Spruce Lane, Dix Hills, New York, more particularly described in Exhibit "A" to defendant BLUE SPRUCE for no consideration. Said deed was recorded in the office of the Suffolk County Clerk on February 27, 2007.

47. The transfer to defendant BLUE SPRUCE was without good faith as defined in the New York Debtor and Creditor Law.

48. The transfer to defendant BLUE SPRUCE was made at a time when defendant ELIZABETH SARTORIO intended or believed she would incur debts beyond her ability to pay as they matured.

49. The transfer to defendant BLUE SPRUCE was made with actual intent to hinder, delay, or defraud present or future creditors of defendant ELIZABETH SARTORIO.

50. The transfer to defendant BLUE SPRUCE was received with actual intent to hinder, delay, or defraud present or future creditors of defendant ELIZABETH SARTORIO.

51. The transfer to defendant BLUE SPRUCE rendered defendant ELIZABETH SARTORIO insolvent, or came at a time when said defendant was insolvent as defined by the New York Debtor Creditor

Law.

52.   The transfer to defendant BLUE SPRUCE should be
declared void and set aside and judgment entered directing the
Suffolk County Clerk to accept for filing a deed returning the
property to title in name of defendant ELIZABETH SARTORIO and
awarding such other and further relief as is necessary to return
the parties to the same position as of December 12, 2006, the date
of transfer.

### COUNT V ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

53.   Petitioner repeats, reiterates, and realleges each
and every allegation contained in paragraphs "1-4", "9", "10", "22-
36", and "37-43" inclusive, with the same force and effect as if
set forth at length.

54.   By deed dated August 16, 2006 defendants DOMINICK
SARTORIO and ELIZABETH SARTORIO transferred the property located at
22 Willard Way, Dix Hills, New York to defendant WILLARD WAY for
the no consideration, more particularly described in Exhibit "B".
Said deed was recorded in the office of the Suffolk County Clerk on
January 11, 2007.

55.   The transfer to defendant WILLARD WAY was without
good faith as defined in the New York Debtor Creditor Law.

56.   The transfer to defendant WILLARD WAY was made at a
time when defendants DOMINICK SARTORIO and ELIZABETH SARTORIO
intended or believed she would incur debts beyond her ability to
pay as they matured.

57.   The transfer to defendant WILLARD WAY was made with

10

actual intent to hinder, delay, or defraud present or future creditors of defendants DOMINICK SARTORIO and ELIZABETH SARTORIO.

58. The transfer to defendant WILLARD WAY was received with actual intent to hinder, delay, or defraud present or future creditors of defendants DOMINICK SARTORIO and ELIZABETH SARTORIO.

59. The transfer to defendant WILLARD WAY rendered defendants DOMINICK SARTORIO and ELIZABETH SARTORIO insolvent, or came at a time when defendants DOMINICK SARTORIO and ELIZABETH SARTORIO was insolvent as defined by the New York Debtor and Creditor Law.

60. The transfer to defendant WILLARD WAY should be declared void and set aside and judgment entered directing the Suffolk County Clerk to accept for filing a deed returning the property to title in name of defendant DOMINICK SARTORIO and ELIZABETH SARTORIO and awarding such other and further relief as is necessary to return the parties to the same position as of August 16, 2006, the date of transfer.

## COUNT VI ON BEHALF OF PLAINTIFFS
## JOHN HICKMAN AND KENNETH SCHNEIDERMAN

61. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1-21", "23-36", "38-43", "45-52", and "54-60" inclusive, with the same force and effect as if set forth at length.

62. Plaintiffs are entitled to an award of reasonable legal fees against the defendants pursuant to New York Debtor and Creditor law § 276-A.

WHEREFORE judgment should be entered as follows:

### ON COUNT I ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

That the transfers of funds from defendant CAROLYN to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO as hereinbefore described be declared void and set aside to the extent necessary to satisfy plaintiffs' judgments entered against defendant CAROLYN and awarding judgment in favor of plaintiffs HICKMAN and SCHNEIDERMAN against defendants ELIZABETH and DOMINICK SARTORIO for 280,001.92 with appropriate interest, either: i. as transferees of the assets, or beneficiaries of the conveyance of the real property belonging to defendant CAROLYN; or ii. as subsequent fraudulent transferees of defendant CAROLYN.

### COUNT II ON BEHALF OF PLAINTIFF JOHN HICKMAN

That defendant MICROPEL's transfer of proceeds from the sale of its assets to TROY CORP., to defendants DOMINICK SARTORIO and ELIZABETH SARTORIO should be declared void and set aside to the extent necessary to satisfy plaintiff HICKMAN's claim and judgment entered against defendant MICROPEL and awarding judgment in favor of plaintiff HICKMAN against defendants DOMINICK SARTORIO and ELIZABETH SARTORIO for the sum of $613,140.39 plus interest, from January 17, 2007 either: i. as transferees of the assets, or beneficiaries of the conveyance of the property; or ii. as subsequent fraudulent transferees of defendant MICROPEL.

### COUNT III ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

That defendant ATOMERGIC's distribution of a dividend in the sum of $700,000.00 to defendants DOMINICK SARTORIO and

12

ELIZABETH SARTORIO should be declared void and set aside to the extent necessary to satisfy plaintiffs' judgments entered against defendant ATOMERGIC and awarding judgment in favor of plaintiffs HICKMAN and SCHNEIDERMAN against defendants DOMINICK SARTORIO and ELIZABETH SARTORIO for $700,000.00 with appropriate interest, either: i. as transferees of the assets, or beneficiaries of the conveyance of the property; or ii. as subsequent fraudulent transferees of defendant CAROLYN.

### COUNT IV ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

The transfer to defendant BLUE SPRUCE should be declared void and set aside and judgment entered directing the Suffolk County Clerk to accept for filing a deed returning the property to title in name of defendant ELIZABETH SARTORIO and awarding such other and further relief as is necessary to return the parties to the same position as of December 12, 2006, the date of transfer.

### COUNT V ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

The transfer to defendant WILLARD WAY should be declared void and set aside and judgment entered directing the Suffolk County Clerk to accept for filing a deed returning the property to title in name of defendants DOMINICK SARTORIO and ELIZABETH SARTORIO and awarding such other and further relief as is necessary to return the parties to the same position as of August 16, 2006, the date of transfer.

### COUNT VI ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

Plaintiffs are entitled to an award of reasonable legal

fees against the defendants pursuant to New York Debtor and
Creditor law § 276-A.

### ON ALL COUNTS ON BEHALF OF PLAINTIFFS
### JOHN HICKMAN AND KENNETH SCHNEIDERMAN

The costs and disbursements of this action together plus
interest together with such other and further relief as this Court
may deem just and proper,

Dated:   Port Washington, New York
         November 29, 2007

                              Yours, etc.

                              WOLFE & YUKELSON PLLC


                         By:_____
                              Bruce Yukelson
                              Attorneys for Plaintiffs
                              JOHN HICKMAN and
                               KENNETH SCHNEIDERMAN
                              14 Vanderventer Avenue
                              Suite 101
                              Port Washington, NY   11050
                              (516) 767-7100

14

Exhibit A

## SCHEDULE  A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Dix Hills, Town of Huntington, County of Suffolk and State of New York, known as and by Lot 12 as shown and designated on a certain map entitled, "Map of Deerdale Estates, situate at Dix Hills, Town of Huntington, Suffolk County, N.Y., Risso, Nelson & Pope, C.E.&S., Huntington Station, N.Y., May 1963 Job No. 62113, owned by Deerdale Gardens, Inc." and filed in the Office of the Clerk of the County of Suffolk on January 3, 1964 under File No. 3934, which said lot more particularity bounded and described according to said map as follows:

BEGINNING  at a point on the northeasterly side of Pear Road where the same is intersected by the southwesterly end of a curve having a radius of 20.00 feet and a length of 31.42 feet which said curve connects the northeasterly side of Pear Road with the northwesterly side of Blue Spruce Lane:

RUNNING THENCE northwesterly along the northeasterly side of Pear Road, the following 2 courses and distances:

(1)  along the arc of a curve bearing to the right having a radius of 175.00 feet, a distance of 95.76 feet:

(2)  North 33 degrees 55 minutes 25 seconds West 33.90 feet:

RUNNING THENCE North 24 degrees 43 minutes 30 seconds East 364.35 feet:

RUNNING THENCE South 33 degrees 55 minutes 25 seconds East 265.40 feet to the northwesterly side of Blue Spruce Lane:

RUNNING THENCE southwesterly along the northwesterly side of Blue Spruce Lane the following 3 courses and distances:

(1) South 56 degrees 04 minutes 35 seconds West 103.40 feet:

(2) along the arc of a curve bearing to the left having a radius of 225.00 feet, a distance of 123.12 feet:

(3) South 24 degrees 43 minutes 30 seconds West 44.09 feet to the northeasterly end of a curve having a radius of 20.00 feet first above mentioned:
RUNNING THENCE in a general southwesterly direction along the arc of said cure, a distance of 31.42 feet to the northeasterly side of Pear Road, the point or place of BEGINNING.

{00049056.1}

Exhibit B

20:12

## Schedule B Description

Revised: 04/21/2006
Page   1

Number 06-15911-S-P

ALL that certain plot, piece or parcel of land in Dix Hills, Town of Huntington, County of Suffolk and State of New York, with the buildings and improvements thereon erected, situate, lying and being in the Plot Number Twenty-Two (22) as shown on a certain map entitled, "Map of Caledonia, Huntington, N.Y., belonging to Gull Real Estate Corporation, surveyed February 23rd, 1948, by A.J. Edwards - T.S. Prime" which map was duly filed in the Office of the County of Suffolk County as File No. 1617 on the 13th day of April, 1948. Said premises being further described by metes and bounds as follows:

BEGINNING at a point in the Easterly side of Willard Way, said point being formed by the intersection of the division line between Lot 22 and Lot 23 on aforesaid map with the said Easterly side of Willard Way, said point also being 485.03 feet Northerly from the Northerly end of the arc of a curve which connects the Easterly side of Willard Way with the Northerly side of Kendrick Lane;

RUNNING THENCE along the Easterly and southerly side of Willard Way the following 2 courses and distances:

(1) Northerly and Easterly along the arc of a curve bearing to the right with a radius of 164.68 feet a distance of 166.52 feet to a point;

(2) North 73 degrees 28 minutes East, 175.00 feet to the division line between Lot 22 and Lot 25 on said map;

THENCE along said last mentioned division line South 4 degrees 55 minutes 40 seconds West, 278.41 feet to the division line between Lot 22 and Lot 23 on said map;

THENCE along the division line between Lot 22 and Lot 23, North 66 degrees 00 second West, 279.86 feet to the easterly side of Willard Way at the point or place of BEGINNING.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.

JOHN HICKMAN, and KENNETH SCHNEIDERMAN

Plaintiff,

- against -

ELIZABETH SARTORIO, DOMINICK SARTORIO,
BLUE SPRUCE ASSOCIATES, LLC, MICROPEL
CORPORATION, 71 CAROLYN BLVD, LLC.,
ATOMERGIC CHEMETALS CORP., and
WILLARD WAY ASSOCIATES, LLC.

Defendants.

---

### SUMMONS and COMPLAINT

---

### WOLFE & YUKELSON PLLC
**Attorneys for Plaintiffs JOHN HICKMAN and KENNETH SCHNEIDERMAN**
14 Vanderventer Avenue, Suite 101
Port Washington, New York 11050
(516) 767-7100

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquire, the contentions contained in the annexed documents are not frivolous.

Dated: November 30, 2007          Signature: _____

                                  Print Signer's Name: Bruce Yukelson

Service of a copy of the within                        is hereby admitted.

Dated: _____

                                  _____
                                  Attorney(s) for

---

PLEASE TAKE NOTICE:

☐          that the within is a (certified) true copy of a
Notice of   entered in the office of the clerk of the within named Court on
Entry

☐          that an Order of which the within is a true copy will be presented for settlement
Notice of   to the Hon.                         one of the judges of the within named Court
Settlement  at
            on                            , at          M.

Dated,

                          **WOLFE & YUKELSON PLLC**
                          **Attorneys for Plaintiffs**
                          **JOHN HICKMAN and**
                          **KENNETH SCHNEIDERMAN**
                          14 Vanderventer Avenue, Suite 101
                          Port Washington, NY 11050
                          (516) 767-7100